**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD "COACH" WEINHAUS, CHILDREN OF THE COURT, AND JUDICIOCRACY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 113, CITY OF HIGHLAND PARK, DR. CHALA HOLLAND, in her official capacity; LANE LINDER, individually and in his official capacity; DON MCCORD, individually and in his official capacity; CHIEF LOUIS JOGMEN, in his official capacity, and Officer Doe 1, Officer Doe 2, and Officer Doe 3, individually and in their official capacities. <br><br> Defendants. | Case No. 2025-cv-14662 <br><br> The Honorable Judge Jorge Alonzo |

**DEFENDANT CITY OF HIGHLAND PARK AND CHIEF LOUIS JOGMEN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Introduction**

Despite filing an oversized brief, Plaintiffs fail to meaningfully respond to any of the City of Highland Park (the "City") or Chief Louis Jogmen's arguments for dismissal. Plaintiffs effectively forfeit those claims and illustrate the plainly frivolous nature of this lawsuit. See: *Bonte v. U.S. Bank*, *N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to an argument raised in a motion to dismiss results in waiver). It remains unrebutted that the First Amended Complaint fails to state any claims against the City, its police officers or Chief Jogmen and all should be dismissed with prejudice.

1

**<u>Argument</u>**

**(1) *Plaintiffs fail to state a claim for municipal liability and the City of Highland Park should be dismissed with prejudice.***

Plaintiffs do not even attempt to defend their "final policymaker" theory of *Monell* liability and their response in support of a purported "widespread policy" does nothing more than repeat the unsupported and baseless allegation that "the HPPD has engaged in this rubber-stamping conduct at other school events and with other individuals". Conclusory allegations, lacking factual support, are not accepted as true at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, Plaintiffs merely restate their contention that they were retaliated against, but do not meaningfully explain how they have plead anything more than an isolated incident. *Monell* liability based upon a widespread practice theory requires Plaintiffs to "allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom" and not an isolated incident. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Plaintiffs also fail to establish how the City was on notice that their purported "failure to train" would result in constitutional violations. "A municipality's culpability for a deprivation of rights is most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Only when policymakers are on actual or constructive notice that an omission in their training program causes violations of citizens' rights may they be deemed deliberately indifferent. *Id*. The First Amended Complaint does not contain any facts giving rise to notice of a known risk such that City policymakers could be considered "deliberately indifferent" to citizens' constitutional rights and this claim therefore fails.

***(2) Plaintiffs fail to state a claim against Chief Louis Jogmen and he should be dismissed with prejudice.***

Plaintiffs neglect to respond to the City's motion to dismiss Chief Louis Jogmen, effectively conceding that he did nothing to violate Plaintiffs' constitutional rights and was improperly named in both the initial Complaint and the First Amended Complaint. For the reasons set forth in the City's motion to dismiss, Chief Jogmen should be dismissed with prejudice.

***(3) Counts I, III and V do not contain allegations pertaining to the City or Chief Jogmen and they should be dismissed with prejudice from these claims.***

Plaintiffs' First Amended Complaint fails to tie the "first limitation of rights" to any action on the part of the City, its unnamed police officers or its Police Chief and their response brief is silent as to this portion of the City's motion. Again, Plaintiffs forfeit any arguments in support of claims against the City, unnamed police officers and Chief Jogmen in counts I, III and V and these counts should be dismissed against them with prejudice.

***(4) Probable cause bars Plaintiffs' First Amendment retaliation claim and Count II should be dismissed with prejudice.***

Plaintiffs do not meaningfully interact with the concept of probable cause as a bar to their First Amendment claim. They argue Plaintiff Weinhaus was threatened with arrest for trespass "despite his having purchased a ticket, engaged in no misconduct, and committing no act that would satisfy the elements of criminal trespass under Illinois law or support any reasonable officer finding probable cause for same." [Doc. 040, p. 13]. These conclusory statements are not supported by the facts pled in the First Amended Complaint. Plaintiffs do not respond to the City's analysis of the elements of the offense of trespass or negate the existence of probable cause wherein police officers observed an agent of the owner of the property tell Weinhaus to leave because he made a student uncomfortable, and Weinhaus thereafter refused. This total lack of a response again constitutes a forfeiture and Count II should be dismissed with prejudice.

**(5) Plaintiffs fail to invoke a constitutionally protected property right sufficient to state a claim for a due process violation and Count IV should be dismissed.**

Plaintiffs confuse First Amendment and Fourteenth Amendment rights, arguing First Amendment rights to gather news and engage in advocacy creates a protected property interest in attendance. Not surprisingly, Plaintiffs fail to cite a single case commingling First Amendment rights with property interests. Plaintiffs also reference a court order that supposedly bestows upon them the right to attend a homecoming football game, but do not attach or cite any language from this order that could potentially be interpreted as a property interest. As Plaintiffs fail to plead facts supporting any constitutionally protected property interest, they fail to state a claim and Count IV should be dismissed with prejudice.

### Conclusion

Plaintiffs fail to state a claim for municipal liability against the City under any theory and dismissal with prejudice is therefore proper. Counts I, III and V do not include facts implicating the City, its police chief or unnamed police officers and these counts should be dismissed against them, with prejudice. The facts pled establish probable cause, defeating Plaintiffs' First Amendment retaliation claim against the City, its Police Chief and the unnamed officers and count II should be dismissed with prejudice. Finally, Plaintiffs fail to plead facts amounting to the loss of a constitutionally protected property right and Count IV should therefore be dismissed.

Respectfully Submitted,

**THE CITY OF HIGHLAND PARK CHIEF LOUIS JOGMEN**

By:     /s/ Lauren M. DaValle
         One of their attorneys

Michael J. McGrath- MMcGrath@omfmlaw.com
Lauren M. DaValle- LDaValle@omfmlaw.com
ODELSON, MURPHEY, FRAZIER & MCGRATH, LTD.
3318 W. 95th St.

4

Evergreen Park, IL 60805
(708) 424-5678

5