**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Edward "Coach" Weinhaus**, **Children of the Court**, and **Judiciocracy LLC**<br><br>*Plaintiffs*,<br><br>v.<br><br>**Board of Education of Township High School District 113**, **City of Highland Park**, **Dr. Chala Holland**, **in her official capacity, Lane Linder**, *individually and in his official capacity*, **Don McCord**, *individually and in his official capacity*, **Chief Louis Jogmen** *in his official capacity*, and **Officer Doe 1**, **Officer Doe 2**, and **Officer Doe 3** *individually and in their official capacities*,<br><br>*Defendants*. | Case No.: 1:25-cv-14662<br><br>Hon.: Jorge L. Alonso |

**Notice of Appeal**

Notice is hereby given that Plaintiffs **Edward "Coach" Weinhaus**, **Children of the Court**, and **Judiciocracy LLC** appeal to the United States Court of Appeals for the Seventh Circuit from the Court's: June 25, 2026 **Memorandum Opinion And Order** [Dkt. 43] and its June 25, 2026 **Judgment In A Civil Case** [Dkt. 44] wherein the Court dismissed Plaintiffs' claims for Defendants' violations of their: First Amendment Rights because: "the asserted injury is truly minimal and not sufficiently severe so as to deter a person of ordinary firmness from continuing to assert his First Amendment rights[;]" Plaintiffs cannot maintain either their Procedural or Substantive Due Process claims under the Fourteenth Amendment;

and Weinhaus's claims related to his familial relationship was dismissed because: it "was not severe enough to constitute a violation of Weinhaus' substantive due process rights."

Dated: July 24, 2026

Respectfully Submitted:

By: /s/ *Adam Florek*

Adam Florek
Florek Law, LLC
11 Knollwood Dr.
North Caldwell, New Jersey 07006
Tel: (929) 229-2268
E-mail: aflorek@florekllc.com

Antonio Ernesto Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, PR 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

Ryan M. Cleys
ARDC #6326726
115 East Irving Park Rd. #936
Streamwood, IL 60107
(847) 217-7170
Fax (847) 728-8003
Rmcleys@gmail.com

Edward "Coach" Weinhaus, Esq.
**LegalSolved, LLC**
11500 Olive Blvd., Suite 133
Saint Louis, Missouri 63141-7126
Tele: (314) 580-9580
E-mail: eaweinhaus@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the clerk of the Court using the CM/ECF filing system, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

By: ***/s/Adam Florek***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Edward Weinhaus, Children of the Court, and Judiciocracy LLC, | ) | |
| Plaintiffs, | ) | No. 25 C 14662 |
| v. | ) | Judge Jorge L. Alonso |
| Board of Education of Township High School District 113, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward Weinhaus was told by school officials and the local police that he would be arrested for trespassing if he did not leave a high school football game. In response, Weinhaus filed this lawsuit. Defendants move to dismiss and, for the reasons stated below, Defendants' motions are granted.

### Legal Standard

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

## Background

Plaintiff Edward Weinhaus is the founder and executive director of Plaintiff Children of the Court. R. 29 ¶ 7. He is also the founder and chief executive officer of Plaintiff Judiciocracy. *Id.* ¶¶ 6, 9. He has five children, three who previously attended Highland Park High School ("HPHS"), and two who currently attend HPHS. *Id.* ¶ 33.

In October 2025, Weinhaus purchased a ticket for $6 and attended the HPHS Homecoming football game. *Id.* ¶ 26. As alleged, Weinhaus attended the game individually and in his capacity as a representative of Children of the Court and Judiciocracy. *Id.* ¶ 101. Though his children also attended, Weinhaus did not sit with his children when he arrived. *See id.* ¶¶ 106–07, 137. During the second quarter, a female student accused Weinhaus of being "creepy" and reported Weinhaus to HPHS Dean of Students Don McCord. *Id.* ¶¶ 110, 114–15. McCord then approached Weinhaus and asked him to leave the football game, but Weinhaus refused to leave. *Id.* ¶¶ 117–20. McCord then "demanded" that Weinhaus not sit in the stands and Weinhaus complied. *Id.* ¶¶ 122, 130. The female student, however, continued making complaints about Weinhaus to security. *Id.* ¶ 129. As such, McCord approached Weinhaus during the third quarter along with HPHS's Head of Security Lane Linder and three Highland Park police officers. *Id.* ¶ 140. By this point, much of the crowd had left, including Weinhaus's children. *Id.* ¶ 137. The female student, however, remained at the game. *Id.* ¶ 141. McCord "demanded" that Weinhaus leave the game or be arrested for trespassing. *Id.* ¶ 142. McCord stated that Weinhaus needed to leave because (1) Weinhaus's children had left and (2) a female student was uncomfortable with Weinhaus's presence because Weinhaus was "following her." *Id.* ¶ 146. Weinhaus alleges that he wasn't following the girl but that he was trying to say hello to his children. *Id.* McCord ultimately escorted Weinhaus out of the game. *Id.* ¶ 173. McCord informed Weinhaus that he would be able to return to future HPHS events. *Id.* ¶ 164.

Plaintiffs allege that Defendants removed Weinhaus from the game to retaliate against Weinhaus for having engaged in the following activities. First, in 2018, Weinhaus's children's stepfather falsely reported Weinhaus to HPHS and, in response, HPHS filed a report with DCFS. *Id.* ¶ 46. The report was deemed "unfounded" by DCFS and added to a "False Claims Database." *Id.* ¶ 47. Plaintiffs claim that Defendants removed Weinhaus from the game "to get even with him for ensuring that the False Claim was kept in the Illinois False Claims Database." *Id.* ¶ 199.

Second, in February 2025, Weinhaus was interviewed in a local newspaper regarding a security incident at HPHS. *Id.* ¶¶ 76–77. Weinhaus told the newspaper that (1) he had forewarned HPHS about its security failings; (2) that HPHS has "gone from needing far better security personnel to far better lawyers"; and (3) that "accountability at schools is something for parents to take into their own hands." *Id.* ¶¶ 79–81. Plaintiffs claim that Defendants removed Weinhaus from the game to "retaliate against [him] for speaking to the media" as described above. *Id.* ¶ 199.

Following the football game, Plaintiffs filed this lawsuit. R. 1-1. Defendants moved to dismiss at R. 17 and R. 21, and rather than responding to those motions, Plaintiffs filed a First Amended Complaint at R. 29. Plaintiffs allege five counts as follows:

In Counts I and II, Plaintiffs allege that when Defendants barred Weinhaus from sitting in the stands (Count I) and removed him from the game (Count II), Defendants acted in retaliation for the above two actions and thus violated Plaintiffs' free speech rights. R. 29 ¶¶ 205–226. In Counts III and IV, Plaintiffs allege that when Defendants barred Weinhaus from sitting in the stands (Count III) and removed him from the game (Count IV), Defendants violated Plaintiffs' due process rights. *Id.* ¶¶ 227–244. Finally, in Count V, Weinhaus alleges that when Defendants barred him from sitting in the stands, they prevented him from saying hello to his children (who were sitting in the stands), and as such interfered with Weinhaus's parental rights. *Id.* ¶¶ 245–265.

Defendants the Board of Education of Township High School District 113 (the school district for HPHS), Dr. Chala Holland (the Superintendent of District 113), Don McCord, and Lane Linder move to dismiss at R. 30. Defendants City of Highland Park and Louis Jogmen (Police Chief for the Highland Park Police Department) move to dismiss at R. 33. For the reasons stated below, Defendants' motions are granted.

**Discussion**

**I. Free Speech**

In Counts I and II, Plaintiffs bring claims under 42 U.S.C. § 1983 alleging that Defendants removed Weinhaus from the game to retaliate against Plaintiffs for exercising free speech rights under the First Amendment.[1] "To prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted).

Regarding the first element, Plaintiffs allege that Weinhaus engaged in activity protected by the First Amendment for ensuring that the unfounded DCFS report was kept in a False Claims Database and for criticizing HPHS in a local newspaper. Accepting the allegations in the complaint as true and drawing reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have sufficiently alleged that Weinhaus engaged in a protected activity when he spoke with the newspaper. But, critically, only Weinhaus engaged in this activity and Plaintiffs do not allege that Children of the Court engaged in it, nor do they allege that Judiciocracy engaged in it. As such, Children of the Court and Judiciocracy are dismissed from Counts I and II.

[1] Counts I and II also allege that Defendants violated Plaintiffs' free speech rights under the Illinois Constitution. But Plaintiffs have since agreed to dismiss the Illinois claims. R. 40 at 23.

Regarding the second element, the Seventh Circuit applies an "objective test" of "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citations omitted). "Whether retaliatory conduct is sufficiently severe to deter is generally a question of fact, but when the asserted injury is truly minimal, [courts] can resolve the issue as a matter of law." *Id.* at 647. "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

Here, Weinhaus was escorted out of a high school football game after his children had already left the stadium. McCord also informed Weinhaus that he could return to future HPHS events. The Court finds as a matter of law that the asserted injury is truly minimal and not sufficiently severe so as to deter a person of ordinary firmness from continuing to assert his First Amendment rights. Counts I and II are thus dismissed.

## II. Due Process

In Counts III and IV, Plaintiffs bring claims under 42 U.S.C. § 1983 alleging that Weinhaus had a due process right under the Fourteenth Amendment to access and freely move around during the football game.[2] In Count V, Weinhaus brings a claim under 42 U.S.C. § 1983 alleging that Defendants interfered with his parental rights to say hello to his children. To the extent Weinhaus asserts interference with his parental rights, this claim also falls under the Due Process Clause of the Fourteenth Amendment. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 (7th Cir. 2000) ("The Supreme Court has long recognized as a component of substantive due process the right to familial relations.").

---

[2] Counts III and IV also allege that Defendants violated Plaintiffs' due process rights under the Illinois Constitution. But Plaintiffs have since agreed to dismiss the Illinois claims. R. 40 at 23.

Regarding Counts III and IV, "members of the public do not possess a constitutionally protected right to access school property." *Hannemann v. S. Door Cnty. Sch. Dist.*, 673 F.3d 746, 755 (7th Cir. 2012). Plaintiffs thus cannot maintain a procedural due process claim. *Id.* at 752 (procedural due process requires that "the plaintiff was deprived of a protected interest"). Nor can Plaintiffs maintain a substantive due process claim. *See Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019) (substantive due process requires that "the government violated a fundamental right or liberty"). Counts III and IV are thus dismissed.

Regarding Count V, the "[p]rotection of familial relations is indeed a fundamental right, but a brief separation of a parent from her child does not deprive the parent of her right to raise children." *Bloom v. Palos Heights Police Dep't*, 840 F. Supp. 2d 1059, 1065 (N.D. Ill. 2012). *See Hanson v. Dane Cnty., Wis.*, 608 F.3d 335, 339 (7th Cir. 2010) (no violation of due process where police separated children from their father for a "few minutes [of] questioning"); *See Tenenbaum v. Williams*, 193 F.3d 581, 601 (2d Cir. 1999) (Where a pre-school student was taken to the hospital for a medical exam without her parents' consent and "was returned to her parents hours later," the "temporary separation of Sarah from her parents did not result in the [parents'] wholesale relinquishment of their right to raise Sarah" because the "interference was not severe enough to constitute a violation of their substantive due-process rights.").

Here, Defendants prevented Weinhaus from sitting in the stands during the second quarter of the football game and as a result, Weinhaus was unable to sit with his children during this brief period of time.[3] The Court finds as a matter of law that such a brief separation was not severe enough to constitute a violation of Weinhaus' substantive due process rights. Count V is thus dismissed.

[3] During the first quarter, Weinhaus chose of his own volition to sit separately from the children. And, by the third quarter, Weinhaus's children had left the stadium.

## III. Additional Claims

The FAC sets forth only the five counts identified above. Despite that, Plaintiffs assert additional claims in their response brief to the motions to dismiss. First, Plaintiffs argue that they established a *Monell* claim because Defendants have a "widespread and well-settled custom of restricting access to school events based on criticism of school officials rather than objective misconduct of genuine safety concerns . . . [and this] pattern, spanning seven years and multiple incidents, constitutes precisely the widespread custom that carries the force of law under *Monell.*" R. 40 at 13. Second, Plaintiffs argue that certain Defendants were "deliberately indifferent" to the "pattern of harassment designed to quash criticism and retaliate against [Weinhaus] for his clearly constitutionally protected activities." *Id.* at 13–16.

But the Court need not reach these arguments. To prevail on either a *Monell* claim or a deliberate indifference claim, a plaintiff must first establish an underlying constitutional violation. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."); *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) ("Simply put, there was no constitutionally impermissible failure to intervene because there was no violation that compelled intervention."). Because Plaintiffs have not established an underlying constitutional violation, the *Monell* claim and the deliberate indifference claim are dismissed.

## Conclusion

Defendants' motions [30] [33] to dismiss are granted. Because this is Plaintiffs' second attempt to respond to Defendants' motions to dismiss and because Plaintiffs still fail to state a claim, the case is dismissed with prejudice. Civil case terminated.

**SO ORDERED.**

**ENTERED: June 25, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

Edward Weinhaus

Plaintiff(s),

v.

Township High School District 113 et al

Defendant(s).

Case No. 25 C 14662
Judge Jorge L. Alonso

**JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☑ other: This case is dismissed with prejudice for failure to state a claim

---

This action was *(check one)*:

☐ tried by a jury with Judge presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☑ decided by Judge Alonso on a motion.

Date: 6/25/2026

Thomas G. Bruton, Clerk of Court

Lesley Fairley , Deputy Clerk

APPEAL,McLaughlin,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
# CIVIL DOCKET FOR CASE #: 1:25-cv-14662
# Internal Use Only

Weinhaus v. Township High School District 113 et al
Assigned to: Honorable Jorge L. Alonso
Case in other court: Circuit Court of Lake County, 2025CH00000285
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 12/02/2025
Date Terminated: 06/25/2026
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Edward Weinhaus**
*"Coach"*

represented by **Adam John Florek**
Florek Law, LLC
3843C E. Tremont Ave.
Bronx, NY 10465
929-229-2268
Email: aflorek@floreklic.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Cleys**
Ryan Cleys
115 East Irving Park Rd. #936
Streamwood Il, IL 60107
(847) 217-7170
Fax: Not a member
Email: rmcleys@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Children of the Court**

represented by **Adam John Florek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Judiciocracy, LLC**

represented by **Adam John Florek**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Township High School District 113**

represented by **William R Pokorny**
Franczek PC
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606

312-786-6141
Fax: Active
Email: wrp@franczek.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Ann Hill**
Franczek P.C.
300 S. Wacker
Suite 3400
Chicago, IL 60606
(847) 380-0317
Fax: Not a member
Email: lah@franczek.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Highland Park Police Department** represented by **Michael J. McGrath**
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
Fax: Active
Email: mmcgrath@omfmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William R Pokorny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Michelle Davalle**
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
Fax: Active
Email: ldavalle@omfmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Chala Holland**
*in her official capacity* represented by **William R Pokorny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Ann Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Chief Louis Jogmen**<br>*in his official capacity* | represented by | **Michael J. McGrath**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William R Pokorny**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Lauren Michelle Davalle**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Don McCord**

**Defendant**

**Lane Linder**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/02/2025 | 1 | NOTICE of Removal from Nineteenth Judicial Circuit - Lake County, case number (2025CH00000285) filed by Highland Park Police Department, Dr. Chala Holland, in her official capacity, Chief Louis Jogmen, in his official capacity, Township High School District 113 Filing fee $ 405, receipt number AILNDC-24421854. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Pokorny, William) (Entered: 12/02/2025) |
| 12/03/2025 | 2 | EMAILED Notice of Removal letter to Attorney, Ryan Cleys (jxm, ) (Entered: 12/03/2025) |
| 12/03/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jxm, ) (Entered: 12/03/2025) |
| 12/03/2025 | 3 | ATTORNEY Appearance for Defendants Chala Holland, Township High School District 113 by William R Pokorny (Pokorny, William) (Entered: 12/03/2025) |
| 12/03/2025 | 4 | ATTORNEY Appearance for Defendants Chala Holland, Township High School District 113 by Lindsay Ann Hill (Hill, Lindsay) (Entered: 12/03/2025) |
| 12/03/2025 | | CASE ASSIGNED to the Honorable Jorge L. Alonso. Designated as Magistrate Judge the Honorable Daniel P. McLaughlin. Case assignment: Random assignment. (Civil Category 2). (jks, ) (Entered: 12/03/2025) |
| 12/03/2025 | 5 | ATTORNEY Appearance for Plaintiff Edward Weinhaus by Adam John Florek (Florek, Adam) (Entered: 12/03/2025) |

| | | |
|---|---|---|
| 12/03/2025 | 6 | MOTION by Plaintiff Edward Weinhaus for preliminary injunction<br><br>(Florek, Adam) (Entered: 12/03/2025) |
| 12/03/2025 | 7 | NOTICE of Motion by Adam John Florek for presentment of motion for preliminary injunction 6 before Honorable Jorge L. Alonso on 12/4/2025 at 11:30 AM. (Florek, Adam) (Entered: 12/03/2025) |
| 12/03/2025 | 8 | MEMORANDUM by Edward Weinhaus in support of motion for preliminary injunction 6 (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(Florek, Adam) (Entered: 12/03/2025) |
| 12/03/2025 | 9 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Children of the Court (Florek, Adam) (Entered: 12/03/2025) |
| 12/03/2025 | 10 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Judiciocracy, LLC (Florek, Adam) (Entered: 12/03/2025) |
| 12/04/2025 | 11 | ATTORNEY Appearance for Defendants Highland Park Police Department, Louis Jogmen by Michael J. McGrath (McGrath, Michael) (Entered: 12/04/2025) |
| 12/04/2025 | 12 | ORDER: By agreement of the Plaintiffs and the Board of Education of Township High School District 113 and Dr. Chala Holland, in her official capacity as Superintendent of Schools, while this case is pending and absent further order of the Court, Plaintiff Edward "Coach" Weinhaus's attendance at Highland Park High School's public events, whether individually or acting as a representative of Plaintiffs Children of the Court or Judiciocracy, LLC, shall be subject to the same conditions and treated in pari passu with other custodial parents and members of the public. Plaintiffs' Emergency Motion For Preliminary Injunction Pursuant To Fed. R. Civ. P. 65(a) is dismissed without prejudice. Defendants shall answer or otherwise plead by or before Monday, January 5, 2025. The Parties shall file a Joint Status Report by or before Wednesday, December 31, 2025. This matter is set for a Status Hearing on Wednesday, January 7, 2026 at 9:30 a.m., with all counsel and parties appearing telephonically (via WebEx dial-in: +1 650 479-3207; access code: 1804010308). Signed by the Honorable Jorge L. Alonso on 12/4/2025. Mailed notice (ags) (Entered: 12/04/2025) |
| 12/04/2025 | 13 | ATTORNEY Appearance for Defendants Highland Park Police Department, Louis Jogmen by Michael J. McGrath *(Amended)* (McGrath, Michael) (Entered: 12/04/2025) |
| 12/04/2025 | 14 | ATTORNEY Appearance for Defendants Highland Park Police Department, Louis Jogmen by Lauren Michelle Davalle (Davalle, Lauren) (Entered: 12/04/2025) |
| 12/31/2025 | 15 | STATUS Report *Joint Status Report* by Chala Holland, Township High School District 113<br><br>(Pokorny, William) (Entered: 12/31/2025) |
| 12/31/2025 | 16 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the |

| | | |
|---|---|---|
| | | information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, ) (Entered: 01/01/2026) |
| 01/05/2026 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Chala Holland, Township High School District 113<br><br>(Pokorny, William) (Entered: 01/05/2026) |
| 01/05/2026 | 18 | MEMORANDUM by Chala Holland, Township High School District 113 in support of Motion to Dismiss for Failure to State a Claim 17 (Pokorny, William) (Entered: 01/05/2026) |
| 01/05/2026 | 19 | NOTICE of Motion by William R Pokorny for presentment of Motion to Dismiss for Failure to State a Claim 17 before Honorable Jorge L. Alonso on 1/13/2026 at 09:30 AM. (Pokorny, William) (Entered: 01/05/2026) |
| 01/05/2026 | 20 | MINUTE entry before the Honorable Jorge L. Alonso: The Court has reviewed the joint status report 15 . Defendants shall move to dismiss by 1/5/26. Plaintiffs shall respond by 2/5/26. Defendants shall reply 2/26/26. Discovery and preliminary disclosures are stayed pending resolution of the motions to dismiss. The Court will rule electronically. Status hearing set for 1/7/26 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 01/05/2026) |
| 01/05/2026 | 21 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Highland Park Police Department, Louis Jogmen *DEFENDANTS HIGHLAND PARK POLICE DEPARTMENT AND CHIEF LOUIS JOGMEN'S FRCP 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT*<br><br>(Attachments: # 1 Exhibit A)(Davalle, Lauren) (Entered: 01/05/2026) |
| 01/05/2026 | 22 | MEMORANDUM by Highland Park Police Department, Louis Jogmen in support of Motion to Dismiss for Failure to State a Claim, 21 (Davalle, Lauren) (Entered: 01/05/2026) |
| 01/05/2026 | 23 | NOTICE of Motion by Lauren Michelle Davalle for presentment of Motion to Dismiss for Failure to State a Claim, 21 before Honorable Jorge L. Alonso on 1/13/2026 at 09:30 AM. (Davalle, Lauren) (Entered: 01/05/2026) |
| 01/06/2026 | 24 | MINUTE entry before the Honorable Jorge L. Alonso: Presentment of motion set for 1/13/26 is stricken. The Court will rule electronically on the motions to dismiss. Notice mailed by Judge's staff (lf, ) (Entered: 01/06/2026) |
| 01/06/2026 | 25 | TRANSCRIPT OF PROCEEDINGS held on December 4, 2025 before the Honorable Jorge L. Alonso. Court Reporter Contact Information: Angie Phipps, Official Court Reporter, (312) 818-6683.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 1/27/2026. Redacted Transcript Deadline set for 2/6/2026. Release of Transcript Restriction set for 4/6/2026. (Adesso-Phipps, Angela) (Entered: 01/06/2026) |
| 02/05/2026 | 26 | MOTION by Plaintiffs Children of the Court, Judiciocracy, LLC, Edward Weinhaus to amend/correct notice of removal, 1<br><br>(Attachments: # 1 Exhibit Proposed Complaint, # 2 Exhibit Exhibit to Proposed Complaint)(Florek, Adam) (Entered: 02/05/2026) |
| 02/05/2026 | 27 | NOTICE of Motion by Adam John Florek for presentment of motion to amend/correct 26 before Honorable Jorge L. Alonso on 2/10/2026 at 09:30 AM. (Florek, Adam) (Entered: 02/05/2026) |
| 02/06/2026 | 28 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiff's motion 26 for leave to file an amended complaint instanter is granted. Plaintiff shall file an amended complaint as a separate entry on the docket instanter. Defendants shall answer or otherwise respond to the amended complaint by 3/16/26. Presentment of motion set for 2/10/26 is stricken. Motions 17 21 to dismiss is denied as moot. Notice mailed by Judge's staff (lf, ) (Entered: 02/06/2026) |
| 02/06/2026 | 29 | AMENDED complaint by Children of the Court, Edward Weinhaus, Judiciocracy, LLC against All Plaintiffs (Attachments: # 1 Exhibit Exhibit A)(Florek, Adam) (Entered: 02/06/2026) |
| 03/16/2026 | 30 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Chala Holland, Township High School District 113, Don McCord, Lane Linder<br><br>(Pokorny, William) (Entered: 03/16/2026) |
| 03/16/2026 | 31 | MEMORANDUM by Chala Holland, Lane Linder, Don McCord, Township High School District 113 in support of Motion to Dismiss for Failure to State a Claim 30 (Pokorny, William) (Entered: 03/16/2026) |
| 03/16/2026 | 32 | NOTICE of Motion by William R Pokorny for presentment of Motion to Dismiss for Failure to State a Claim 30 before Honorable Jorge L. Alonso on 3/24/2026 at 09:30 AM. (Pokorny, William) (Entered: 03/16/2026) |
| 03/16/2026 | 33 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Highland Park Police Department, Louis Jogmen *DEFENDANT CITY OF HIGHLAND PARK AND CHIEF LOUIS JOGMEN'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT*<br><br>(Davalle, Lauren) (Entered: 03/16/2026) |
| 03/16/2026 | 34 | MEMORANDUM by Highland Park Police Department, Louis Jogmen in support of Motion to Dismiss for Failure to State a Claim, 33 (Davalle, Lauren) (Entered: 03/16/2026) |
| 03/16/2026 | 35 | NOTICE of Motion by Lauren Michelle Davalle for presentment of Motion to Dismiss for Failure to State a Claim, 33 before Honorable Jorge L. Alonso on 3/24/2026 at 09:30 AM. (Davalle, Lauren) (Entered: 03/16/2026) |
| 03/17/2026 | 36 | MINUTE entry before the Honorable Jorge L. Alonso: Defendants move to dismiss at 30 and 33 . Plaintiff shall respond by 4/6/26. Defendants shall reply by 4/16/26. Presentment of motions set for 3/24/26 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 03/17/2026) |

| | | |
|---|---|---|
| 04/06/2026 | 37 | MOTION by Plaintiffs Children of the Court, Judiciocracy, LLC, Edward Weinhaus for leave to file excess pages<br><br>(Attachments: # 1 Exhibit)(Florek, Adam) (Entered: 04/06/2026) |
| 04/06/2026 | 38 | NOTICE of Motion by Adam John Florek for presentment of Motion to Dismiss for Failure to State a Claim 30 , motion for leave to file excess pages 37 , Motion to Dismiss for Failure to State a Claim, 33 before Honorable Jorge L. Alonso on 4/14/2026 at 09:30 AM. (Florek, Adam) (Entered: 04/06/2026) |
| 04/07/2026 | 39 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' Motion for leave to file and oversized brief, instanter 37 is granted. Motion hearing date of 4/14/26 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 04/07/2026) |
| 04/07/2026 | 40 | RESPONSE by Children of the Court, Judiciocracy, LLC, Edward Weinhausin Opposition to First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Chala Holland, Township High School District 113, Don McCord, Lane Linder<br><br>30 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Highland Park Police Department, Louis Jogmen *DEFENDANT CITY OF HIGHLAND PARK AND CHIEF LOUIS JOGMEN'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT*<br><br>33 (Florek, Adam) (Entered: 04/07/2026) |
| 04/16/2026 | 41 | REPLY by Defendants Chala Holland, Lane Linder, Don McCord, Township High School District 113 to response in opposition to motion,, 40 (Pokorny, William) (Entered: 04/16/2026) |
| 04/16/2026 | 42 | REPLY by Defendants Highland Park Police Department, Louis Jogmen to Motion to Dismiss for Failure to State a Claim, 33 (Davalle, Lauren) (Entered: 04/16/2026) |
| 06/25/2026 | 43 | MEMORANDUM Opinion and Order: Defendants' motions 30 33 to dismiss are granted. Because this is Plaintiffs' second attempt to respond to Defendants' motions to dismiss and because Plaintiffs still fail to state a claim, the case is dismissed with prejudice. Civil case terminated. Signed by the Honorable Jorge L. Alonso on 6/25/2026. Notice mailed by Judge's staff (lf, ) (Entered: 06/25/2026) |
| 06/25/2026 | 44 | ENTERED JUDGMENT. Notice mailed by Judge's staff (lf, ) (Entered: 06/25/2026) |
| 07/24/2026 | 45 | NOTICE of appeal by Children of the Court, Judiciocracy, LLC, Edward Weinhaus regarding orders 43 , 44 Filing fee $ 605, receipt number AILNDC-25433171. Receipt number: n (Florek, Adam) (Entered: 07/24/2026) |
| 07/27/2026 | 46 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 45 (cvk, ) (Entered: 07/27/2026) |